| | | | | |
|---|---|---|---|---|
| **Name of Assigned Judge or Magistrate Judge** | William J. Hibbler | **Sitting Judge if Other than Assigned Judge** | | |
| **CASE NUMBER** | 01 C 6437 | **DATE** | 8/20/2002 | |
| **CASE TITLE** | Johnson v. Alternatives, Inc. | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Dismiss (#12-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the attached reasons, the Court GRANTS the motion to dismiss Counts I and II with prejudice and Count III without prejudice. All pending motions and dates are terminated as moot. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| ✓ | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DANIEL C. JOHNSON,
    Plaintiff,

v.

ALTERNATIVES, INC.,
    Defendant.

CASE NO. 01 C 6437

JUDGE WILLIAM J. HIBBLER

## MEMORANDUM ORDER AND OPINION

Daniel C. Johnson ("Plaintiff") alleged Defendant Alternatives, Inc. ("Defendant") engaged in unlawful employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and 42 U.S.C. § 1981. Plaintiff further alleged Defendant unlawfully discharged Plaintiff in retaliation for Plaintiff's reporting of occupational hazards in violation of Illinois public policy. Defendant filed the present motion to dismiss Counts I, II and III. The motion is fully briefed and ready for adjudication. For the below reasons, the Court GRANTS the motion to dismiss Counts I and II with prejudice and Count III without prejudice.

### BACKGROUND

Plaintiff, an African-American male, worked as a part-time security guard for Defendant from October 16, 1996 until his termination on September 4, 1998. Defendant coordinates a variety of community-based programs aimed at providing after-school



activities and programs for students and their families. Plaintiff's responsibilities for the youth program at a local high school included providing security for the high school's entrance, monitoring the hallways and parking lot, reporting incidents to his supervisor, and assisting staff in mediating disputes among youth program members. Plaintiff alleges his supervisor, a Hispanic female, terminated him for the pretextual reason Defendant was restructuring its organization, including the Plaintiff's position. Plaintiff contends three other African-American co-workers were terminated on or about the same date as Plaintiff. Further, Plaintiff alleges Defendant discharged him in retaliation for reporting occupational hazards regarding asbestos at the high school.

## ANALYSIS

### Count I - Title VII Claim

#### Standard of Review

In a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). If the defendant questions the jurisdictional allegations, then the plaintiff bears the burden of proving the jurisdictional requirements have been met. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a

Rule 12(b)(1) motion to dismiss, the court may look beyond the complaint and consider additional evidence submitted by the parties when subject matter jurisdiction is at issue. *Ezekiel*, 66 F.3d at 897.

## Analysis

In Count I, Plaintiff alleges unlawful employment discrimination against Defendant pursuant to Title VII. Defendant argues Plaintiff's complaint fails to allege a basis for subject matter jurisdiction and should therefore be dismissed pursuant to Rule 12(b)(1).

Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees." 42 U.S.C. § 2000e(b). It further defines an "industry affecting commerce" as "any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce." 42 U.S.C. § 2000e(h). Specifically, Defendant asserts it is not an employer subject to Title VII's jurisdiction because it is not engaged in an industry affecting commerce.

Before addressing the substance of Defendant's Rule 12(b)(1) motion to dismiss, the Court will address Plaintiff's arguments that this motion is both procedurally defective and premature. First, Plaintiff maintains by attaching an affidavit to Defendant's motion to dismiss, the motion is converted into a motion for summary judgment. Plaintiff further argues Defendant's motion

cannot properly be treated as a motion for summary judgment because it fails to include a statement of undisputed material facts.

While Plaintiff's argument may be relevant to a Rule 12(b)(6) motion to dismiss, Defendant moves for dismissal of Count I based on Rule 12(b)(1) for a lack of subject matter jurisdiction. *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986). It is well-settled that a court may look outside the complaint and consider other evidence (i.e. an affidavit) when ruling on a Rule 12(b)(1) motion to dismiss. *Ezekiel*, 66 F.3d at 897.

In *Crawford*, the Seventh Circuit, after discussing the conversion of a Rule 12(b)(6) motion into summary judgment, clearly stated "[t]here is no similar conversion feature when the motion is made under Rule 12(b)(1) (lack of subject matter jurisdiction)." *Crawford*, 796 F.2d at 927. Further, in *Vasquez v. Visions, Inc.*, No. 01 C 5129, 2002 WL 91905, at *3, (N.D. Ill. Jan. 24, 2002), the court referred to the defendant's affidavit numerous times in its Rule 12(b)(1) analysis and determined the defendant was not an employer subject to Title VII's jurisdiction.

Second, Plaintiff argues it is premature for the Court to determine whether Defendant is an employer under Title VII. More specifically, Plaintiff maintains a single affidavit is insufficient to make a factual determination and argues the determination before this Court warrants an evidentiary hearing or discovery. Plaintiff misinterprets and misapplies the ruling in

4

*Elbaz v. Congregation Beth Judea, Inc.*, 812 F.Supp. 802 (N.D. Ill. 1992). In *Elbaz*, the court questioned whether the defendant argued the "complaint fails to contain a necessary allegation" and thus failed to state a claim pursuant to Rule 12(b)(6) or instead argued it was not an employer subject to Title VII and thus the court must dismiss for lack jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss. *Id.* at 805-06.[1] This distinction is critical because, as discussed above, a court may look beyond the complaint in a Rule 12(b)(1) motion to dismiss and determine whether subject matter jurisdiction exists without converting the motion into a summary judgment motion. *Ezekiel*, 66 F.3d at 897; *Crawford*, 796 F.2d at 927.

The Court must resolve a jurisdictional issue before proceeding to the merits of the case. *Crawford*, 796 F.2d at 928. Furthermore, federal district courts are open to litigants only if there is a source of jurisdiction, since the power to decide a case must be conferred and not assumed. *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986).

"[T]here is no set form for determining a contested issue of jurisdiction." *Crawford*, 796 F.2d at 930. Although a party may request an evidentiary hearing when the defendant asserts the court

---

[1] The Court believes the *Elbaz* court, for whatever reason, considered the challenge a Rule 12(b)(6) motion to dismiss rather than a Rule 12(b)(1) motion to dismiss, which would explain its determination that such a factual question cannot be determined in a motion to dismiss. *Elbaz*, 812 F.Supp. at 805-06.

lacks subject matter jurisdiction, "[o]ften the only evidence necessary to resolve a jurisdictional issue is documentary." *Id.* at 928-29. How a court evaluates a jurisdictional challenge (i.e. whether to have an evidentiary hearing, to hear oral arguments, or to conduct pretrial discovery) is a question of judicial discretion rather than mandates. *Id.* at 929.

In *Crawford*, the Seventh Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction based solely on documentary evidence. *Id.* at 929-30. Similarly, in *Vasquez*, the court explicitly relied on defendant's affidavit to conclude the defendant was not an employer as defined by Title VII and thus dismissed the claim for lack of subject matter jurisdiction. 2002 WL 91905, at *3.

In this case, Plaintiff fails to allege any facts to suggest an evidentiary hearing or discovery is warranted. Instead, the affidavit of Judy Gall, the executive director of Defendant Alternatives, is the only evidence before the Court and it stands uncontested. Therefore, a determination of subject matter jurisdiction is not premature.

The Court next turns to the substantive issue of whether Defendant is an employer involved in an industry affecting commerce as required by Title VII. The Commerce Clause is the constitutional provision through which Congress had the power to enact Title VII and therefore Title VII's jurisdiction extends as

6

far as constitutionally permitted under the Commerce Clause. *Vasquez*, 2002 WL 91905, at *2.

If Defendant exerts a substantial economic effect on interstate commerce, then Defendant is bound by the Commerce Clause and Title VII accordingly. *Vasquez*, 2002 WL 91905, at *2; *Graves v. Methodist Youth Servs. Inc.*, 624 F.Supp. 429, 431-32 (N.D. Ill. 1985). In other words, Title VII confers jurisdiction to a district court when a defendant has greater than a *de minimis* impact on the flow of interstate commerce. *Vasquez*, 2002 WL 91905, at *2. "[I]n a case involving a Title VII claim, the plaintiff has the burden of proving the requisite nexus with interstate commerce." *Graves*, 624 F.Supp. at 431.

Because Defendant operates wholly within Illinois, the question becomes whether Plaintiff has met his burden and established Defendant's activities have a substantial impact on interstate commerce. *Vasquez*, 2002 WL 91905, at *2. Plaintiff asserts Defendant has a substantial impact on interstate commerce because: (1) not-for-profit organizations may be employers engaged in an industry affecting commerce subject to Title VII; (2) courts should construe liberally Title VII jurisdiction; and (3) two decisions are controlling: *EEOC v. Ass'n of Cmty. Org. for Reform Now* ("*ACORN*"), No.CIV.A.03-0597, 1995 WL 107075, at *1 (E.D. La. Mar. 8, 1995) and *EEOC v. Rinella & Rinella*, 401 F.Supp. 175 (N.D. Ill. 1975).

First, a not-for-profit organization is not per se outside Title VII's grasp. Despite the term "industry affecting commerce" suggesting a limitation to commercial entities, Title VII covers all activities affecting commerce, including those operated for non-profit or charitable purposes. *Vasquez*, 2002 WL 91902, at *2; *ACORN*, 1995 WL 107075, at *2.

Second, Plaintiff suggests the Court should construe jurisdiction liberally and look to the definition of "affecting commerce" as it relates to the provisions of the National Labor Relations Board ("NLRB") for guidance. As discussed above, the Court recognizes Title VII's jurisdiction reaches as far as constitutionally permitted under the Commerce Clause. *Vasquez*, 2002 WL 91905, at *2.

The analogous NLRB standards, utilized to determine whether a particular entity has a substantial impact on commerce and therefore comes within the NLRB's jurisdiction, are instructive here. *Vasquez*, 2002 WL 91905, at *4 n.2; *Graves*, 624 F.Supp. at 432. The NLRB will not exercise jurisdiction over a retail business unless it has a gross annual business volume of $500,000 and it makes substantial purchases from or sales to other states. *Vasquez*, 2002 WL 91905, at *4 n.2; *Graves*, 624 F.Supp. at 432. Further, the NLRB will not assert jurisdiction over a non-retail entity unless the gross outflow or inflow of revenues across state lines is at least $50,000. *Vasquez*, 2002 WL 91905, at *4 n.2.

8

In the present case, Defendant has only a small amount of contact with interstate commerce, i.e. a $2,100 computer purchase and $519.27 in out-of-state long distance phone charges (Gall Aff. ¶¶ 11, 12), which is well below the standard which the NLRB would define as significant. Using Plaintiff's own analogy, Defendant's activities do not suggest more than a *de minimis* impact on interstate commerce.

Third, Plaintiff argues the decisions in *ACORN* and *Rinella & Rinella* support his contention that Defendant is an employer affecting commerce subject to Title VII's jurisdiction.[2] In *ACORN*, the court found ACORN was an employer subject to Title VII's jurisdiction. 1995 WL 107075, at *5. ACORN's status as a not-for-profit organization did not preclude the court's determination that its activities affected commerce, and the court further examined whether ACORN had more than a *de minimis* impact on the flow of interstate commerce. *Id.* at *4-5. ACORN is substantively different than Defendant; specifically, ACORN had done business or been registered in thirty states, its charter explicitly described it was for "citizens of the U.S. and of their respective communities and states", and its employees regularly traveled

---

[2] Defendant's reliance on four cases that involve Title VII allegations against not-for-profit organizations is unpersuasive and irrelevant to the Court's inquiry because those courts did not directly confront jurisdictional issues. *See EEOC v. First Catholic Slovak Ladies Ass'n*, 694 F.2d 1068 (6th Cir. 1982); *Bryant v. Int'l Schs. Servs., Inc.*, 675 F.2d 562 (3d Cir. 1982); *Sibley Mem'l Hosp. v. Wilson*, 488 F.2d 1338 (D.C. Cir. 1973); *Manabat v. Columbus-Cuneo-Cabrini Med. Ctr.*, No. 81 C 7155, 1984 WL 944 (N.D. Ill. Feb. 9, 1984). When a court is merely silent on a jurisdictional issue, one cannot assume it was resolved. *Crawford*, 796 F.2d at 928.

throughout the United States at ACORN's expense. *Id.* at *1-4.

Here, Defendant does not conduct business outside of Illinois, it is registered to do business only in Illinois, its purpose is to serve the Chicago community, and its board members and staff do not engage in out-of-state business related travel. (Gall Aff. ¶¶ 4, 8, 9, 10.) Since Defendant is a wholly intrastate not-for profit organization operating only in Illinois with extremely *de minimis* interstate activity, it, unlike ACORN, falls outside the jurisdiction of Title VII.

Plaintiff's reliance on *Rinella & Rinella* is similarly unpersuasive. In *Rinella & Rinella*, a Chicago law firm was charged with intentional discrimination against its female employees and the court considered whether the law firm was an employer subject to Title VII. 401 F.Supp. at 177-79. However, a for-profit law firm with extensive out-of-state travel amounting to $2,000 and out-of-state purchases amounting to over $10,000 is not analogous to a not-for profit organization such as Defendant, with only a *de minimis* impact on interstate commerce. *See Graves*, 624 F.Supp. at 432. In particular, Defendant' staff and board members do not partake in out-of-state business travel and its out-of-state purchases are drastically less than the defendant law firm in *Rinella*. (Gall Aff. ¶¶ 8, 9, 11.)

Judges in the Northern District of Illinois have decided claims more closely analogous to the present matter and ruled on

10

whether a particular defendant substantially impacted interstate commerce and thus was subject to Title VII's jurisdiction. *See Vasquez*, 2002 WL 91905, at *1; *Johnson v. Apna Ghar, Inc.*, No. 00 C 7752, 2001 WL 293134, at *1 (N.D. Ill. Mar. 23, 2001); *Graves*, 624 F.Supp. at 429. In *Graves*, the defendant was a social service organization operated by the Methodist Church. *Graves*, 614 F.Supp. at 429. The plaintiff argued the defendant was an employer affecting commerce and noted the defendant's long distance telephone bills of $175.00 and its purchases of out-of-state goods, including office supplies. *Id.* at 430. The *Graves* court found the evidence unpersuasive and dismissed the claim for lack of subject matter jurisdiction. *Id.* at 432. Specifically, plaintiff failed to show the court the nature and amount of the alleged out-of-state purchases; also, the telephone bill was insubstantial, largely because many of the defendant's long distance telephone calls were the result of unauthorized use. *Id.*

Similarly, in *Johnson*, Judge Shadur considered whether the defendant Apna Ghar, Inc., a domestic violence shelter, was an employer subject to Title VII's jurisdiction. 2001 WL 293134, at *1. While the defendant listed an out-of-state hotline number on its website, worked with non-Illinois Universities, had donors involved in interstate commerce, and featured on its website other organizations which provided services elsewhere, the court concluded the defendant was an intrastate operation, formed as an

11

Illinois not-for-profit corporation, and based in Chicago. *Id.* Therefore, Judge Shadur explained to subject the defendant to Title VII's jurisdiction would "impermissibly stretch the commerce clause." *Id.*

More recently, in *Vasquez*, Judge Kocoras had the opportunity to determine whether the defendant, Visions, Inc., constituted an employer under Title VII. 2002 WL 91905, at *1. The *Vasquez* court considered the analogous cases of *Graves* and *Johnson* and found the evidence did not support the conclusion the defendant substantially effected interstate commerce. *Id.* at *3. The court emphasized: (1) Visions is a charitable organization; (2) it received funding from the state of Illinois and was licensed by the state; (3) its headquarters are located in Des Plaines, Illinois and all of its facilities are located in Illinois; (4) it assists only Illinois residents and does so free of charge; (5) it owns no real property outside of the state; (6) its directors, officers, and employees do not travel out-of-state for business; and (7) the Board of Directors all reside in Illinois and receive no compensation for their services. *Id.* Although the defendant spent $7,256.59 on out-of-state purchases and made an "insignificant" amount of long distance telephone calls, the court granted the defendant's motion to dismiss for lack of subject matter jurisdiction. *Id.* at *4-5.

In the present case, Defendant is a Section 501(c) charitable not-for-profit organization, licensed only in the State of Illinois

and conducting business solely in Illinois. (Gall Aff. ¶¶ 3, 4.) Defendant's office is located in Chicago, as are all of its programs; specifically, Defendant does not have an office, own property, or provide services outside of Chicago. (Gall. Aff. ¶ 4.) The majority of the services Defendant offers are free of charge to Chicago residents. (Gall Aff. ¶ 10.) Defendant's Board of Directors consists of Illinois residents and they do not receive compensation for their services.[3] (Gall Aff. ¶ 8.) Moreover, Defendant's employees do not travel out-of-state on behalf of Defendant. (Gall Aff. ¶¶ 8, 9.) Defendant's out-of-state long distance telephone charges were $529.72, i.e. a relatively insignificant amount; further, even this amount is negligible, since some of those calls were unauthorized and not made for official business. (Gall Aff. ¶ 12.) Finally, Defendant spent a relatively insignificant amount (i.e. $2,100) on the purchase of used computers.[4] (Gall Aff. ¶ 11.)

In today's interconnected world, some contact with interstate commerce is inevitable. However, "some" contact is not the burden by which Plaintiff must demonstrate Defendant effects interstate

---

[3] One of the twelve current board members moved to Indiana to accept new employment in March 2002. (Gall Aff. ¶ 8.) Because he engages in no business on behalf of Defendant from Indiana and his term with the board expired in June 2002, the Court weighs more heavily the fact that in the past and present board members have traditionally been Illinois residents. (Gall Aff. ¶ 8.)
[4] Plaintiff asserts Defendant purchased out-of-state office supplies such as paper, pens, and other items. (Pl.'s Mem. Resp. Mot. Dismiss at 7.) However, Plaintiff fails to support his allegations and fails to show the nature, amount, or origin of these alleged purchases. Therefore Plaintiff's bare assertions and conclusory allegations carry minimal weight with this Court. See Graves, 624 F.Supp. at 432.

13

commerce. Rather, Plaintiff must show substantial impact. Accordingly, the Court finds Plaintiff fails to establish Defendant has more than a *de minimis* impact on interstate commerce. Count I is dismissed with prejudice for lack of subject matter jurisdiction.

**Count II - Section 1981 Claim**

Standard of Review

The function of a Rule 12(b)(6) motion is to test the sufficiency of the complaint, not to determine the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Authority*, 892 F.2d 583, 586 (7th Cir. 1989). In evaluating the sufficiency of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520-1521 (7th Cir. 1990). The Court must sustain a complaint unless it determines beyond a doubt the plaintiff can prove no set of facts in support of the claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Analysis

In Count II, Plaintiff alleges unlawful employment discrimination against Defendant pursuant to 42 U.S.C. § 1981. To establish a Section 1981 claim, Plaintiff must show (1) he is a member of a racial minority, (2) Defendant had the intent to discriminate against Plaintiff on the basis of race, and (3) the

14

discrimination concerned one or more activities enumerated in the statute (i.e., the making and enforcing of a contract). *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). Defendant does not challenge Plaintiff's pleading of those three elements; rather, Defendant asserts a Rule 12(b)(6) motion to dismiss on grounds that Plaintiff's Section 1981 claim is barred by the statute of limitations.[5] Plaintiff subsequently failed to respond to Defendant's arguments in Plaintiff's response brief to the motion.

Section 1981 does not contain a statute of limitations; accordingly, the Court must select the most appropriate or analogous state statute of limitations. *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987). This is not a matter of first impression; many courts have addressed this issue and determined the two-year limitation period for personal injuries is the state statute of limitations most appropriate and analogous to Section 1981 claims. *See Goodman*, 482 U.S. at 660; *Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 807 (7th Cir. 1999); *Jones v. Merchs. Nat'l Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994); *Coopwood v. Lake County Cmty. Dev. Dep't*, 932 F.2d 677, 678-679 (7th Cir. 1991).

In the present case, Plaintiff fails to suggest any other

---

[5] Defendant's Rule 12(b)(6) motion to dismiss Count II does not rely on the affidavit that is attached to the Rule 12(b)(1) motion to dismiss Count I; instead, Defendant relies solely on Plaintiff's Amended Complaint to establish the allegations in Count II are time barred. Therefore, Defendant's motion to dismiss Count II need not be converted into a motion for summary judgment.

15

statute of limitations applies or offer a reason why the Court should deviate from the well-settled rule that a state's personal injury limitations period governs Section 1981 claims. Illinois law provides plaintiffs two years from the date of the injury to bring a personal injury claim. 735 ILCS 5/13-202. Accordingly, Plaintiff had two years to bring his Section 1981 claim. For purposes of his Section 1981 claim, Plaintiff alleges unlawful employment discrimination occurred when Defendant terminated him on September 4, 1998. (Am. Compl. ¶¶ 17, 26.) Plaintiff filed his original complaint alleging Section 1981 violations on August 20, 2001, almost three years after his termination, which is the basis for his Section 1981 claim. Therefore, the applicable statute of limitation bars Plaintiff's Section 1981 claim; the Court dismisses Count II with prejudice.

### Count III - Retaliatory Discharge Claim

#### Analysis

In Count III, Plaintiff alleges Defendant terminated him for reporting occupational hazards regarding asbestos in violation of Illinois public policy. In response; Defendant argues the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claim for retaliatory discharge in the event it grants Defendant's motion to dismiss Counts I and II or alternatively, because Plaintiff's allegations in Count III are not related to race. Plaintiff's only response is that Defendant has

16

not shown Counts I and II should be dismissed.

The Court's jurisdiction over Count III is based on the supplemental jurisdiction statute, which extends the jurisdiction of the federal district courts to all claims that are sufficiently related to claims in the action on which original jurisdiction is premised such that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a); *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1250 (7th Cir. 1994). However, the statute provides that a district court may decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c); *Wright*, 29 F.3d at 1250.

The decision to exercise supplemental jurisdiction is a discretionary one. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Wright*, 29 F.3d at 1251. When all federal claims are dismissed, the court should relinquish supplemental jurisdiction over any remaining state-law claims unless (1) the statute of limitations has run, or (2) substantial judicial resources have already been committed such that dismissal would result in duplication of effort, or (3) considerations of judicial economy, convenience, fairness, and comity point to retention of the claim because it is absolutely clear how the state claims can be decided. *Gibbs*, 383 U.S. at 726; *Wright*, 29 F.3d at 1251. In the present

17

case, none of the three exceptions apply to suggest the Court should retain this state-law claim.[6]

Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim and dismisses Count III without prejudice.

## CONCLUSION

For the above reasons, the Court GRANTS the motion to dismiss Counts I and II with prejudice and Count III without prejudice.

**IT IS SO ORDERED.**
**DATED:** August 20, 2002

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE

---

[6] As discussed above, the Court is dismissing both Counts I and II; therefore it is unnecessary to consider whether Plaintiff's state-law claim is sufficiently related to warrant the Court exercising supplemental jurisdiction. However, the Court notes the allegations in Count III arise out of Plaintiff's whistleblowing activities regarding asbestos, not as a result of his race, and thus it is somewhat unlikely the Court would have exercised supplemental jurisdiction.